NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YUAN MEI CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> SNOW JOE, LLC, et al., <br><br> Defendants. | Civil Action No.: 24-7906 <br><br> **OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court is the motion to dismiss for lack of jurisdiction plaintiff Yuan Mei Corporation's ("Plaintiff") amended complaint (ECF No. 1-3) ("AC") filed by defendants All Season Power LLC ("All Season"), Joseph Cohen ("Cohen"), and OPE Marketplace LLC ("OPE") (ECF No. 14) ("Mot.") and joined in support by defendant Snow Joe LLC ("Snow Joe") (ECF No. 15) (collectively, "Defendants"). Plaintiff opposed the motion (ECF No. 21) ("Opp.") and Defendants replied in support (ECF No. 24) ("Reply"). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendants' motion is **GRANTED**.

**I.      BACKGROUND**

    **A.  Factual History**

This matter arises out of an alleged business relationship between Plaintiff and defendant Snow Joe. According to the complaint, Plaintiff is a Taiwanese product manufacturer and Snow Joe is a New Jersey-based seller of consumer products that was founded by defendant Cohen. AC ¶¶ 1-3. The two parties entered into an agreement in 2015—which they have periodically updated—under which Plaintiff would manufacture products to be purchased by Snow Joe and

1

sold under the Snow Joe brand name. *Id.* ¶ 6. The latest version of that agreement provides that the relationship between the parties is governed by the laws of the state of New Jersey. *Id.* ¶ 9.

In April 2023, following conversations between the parties, Snow Joe purportedly acknowledged over several emails that it owed Plaintiff almost eight million dollars for past inventory. *Id.* ¶¶ 13-16. In September 2023, Plaintiff sent Snow Joe a letter demanding payment of all past due amounts and threatening legal action if no repayment agreement was reached. *Id.* ¶ 17. No agreement was subsequently reached, and Plaintiff filed the instant action in state court against Snow Joe. *Id.* ¶¶ 18-19.

Following the filing of the initial complaint, Snow Joe transferred substantially all its assets in a sale conducted pursuant to Article 9 of the Uniform Commercial Code. *Id.* ¶¶ 22-23, 25. According to Plaintiff, defendant All Season became the owner and operator of Snow Joe and continued to maintain the business as it existed previously, including "the appearance and design of the website, business operations, and products being sold." *Id.* ¶ 28. Then, at some point prior to the filing of the amended complaint, defendant OPE became the owner and operator of Snow Joe and further continued to maintain the preexisting website, business operations, and products being sold. *Id.* ¶¶ 32-33. Plaintiff alleges that defendant Cohen has remained "employed and/or in control of operations" of Snow Joe following the Article 9 sale. *Id.* ¶ 30.

**B.   Procedural History**

Plaintiff filed its initial complaint against Snow Joe in the Superior Court of New Jersey, Hudson County, on September 18, 2023. *See* ECF No. 1-1. Plaintiff subsequently filed an amended complaint against all Defendants on July 1, 2024. *See* ECF No. 1-3. The amended complaint asserts state law claims for: book account; unjust enrichment; breach of contract; breach of the covenant

of good faith and fair dealing; breach of fiduciary duty; successor liability; and alter ego. *See id.* ¶¶ 34-77.

Defendants All Season, OPE, and Cohen removed the action to this Court on July 19, 2024. ECF No. 1. Removal was premised on diversity jurisdiction, as Plaintiff is a citizen of the Republic of China and Defendants are citizens of New York and Pennsylvania. *See id.* ¶¶ 7-25. On August 12, 2024, All Season, OPE, and Cohen filed the instant motion to dismiss for lack of jurisdiction. ECF No. 14. Defendant Snow Joe joined the motion the following day. ECF No. 15. Defendants claim that Plaintiff has failed to comply with two New Jersey statutes governing foreign corporations, N.J.S.A. § 14A: 13-11 and N.J.S.A. § 14A: 13-20, and that failure to comply with either one of those statutes precludes Plaintiff from pursuing an action in this Court. *See generally* ECF No. 14.

### C. Statutory Background

N.J.S.A. § 14A: 13-11 and N.J.S.A. § 14A: 13-20 impose limitations on foreign corporations engaged in commerce in New Jersey. As relevant here, both statutes foreclose access to the courts if a foreign corporation does not meet certain administrative requirements. For instance, N.J.S.A. § 14A: 13-11 provides that a foreign corporation that is "transacting business" within the state must obtain a certificate of authority, or it may not "maintain any action of proceeding in any court of this State." Meanwhile, N.J.S.A. § 14A: 13-20 provides that a foreign corporation "carrying on any activity or owning or maintaining any property" in the state—and which has not obtained a certificate of authority—must file a notice of business activities report before maintaining "any action or proceeding in any State or Federal court in New Jersey." As both parties appear to agree that their relationship is governed by New Jersey law, *see* AC ¶ 9; Mot. at 2, these statutes are controlling insofar as they are applicable to the present action.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a court must grant a motion to dismiss if it determines that it lacks subject matter jurisdiction over a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). In evaluating a 12(b)(1) motion, a court must first determine whether the motion is a facial or factual challenge to the existence of jurisdiction, as this determines the proper scope of review. *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357-58 (3d Cir. 2014). Under a facial challenge—which attacks the sufficiency of the complaint—the court "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* at 358. Under a factual challenge—which asserts that there is no subject matter jurisdiction because of some underlying jurisdictional facts—the court "may look beyond the pleadings to ascertain the facts." *Id.*

Although Defendants do not style their challenge as either facial or factual, the Court construes their motion as a factual attack because Defendants do not assert that Plaintiff's pleading is insufficient, but rather that Plaintiff has failed to comply with N.J.S.A. § 14A: 13-11 and N.J.S.A. § 14A: 13-20.[1] *See Field Smart Lighting Co., Ltd. v. Checkolite Intern., Inc.*, No. 13-6953, 2014 WL 2155372, at *2-3 (D.N.J. May 22, 2014) (construing 12(b)(1) motion premised on failure to comply with N.J.S.A. § 14A: 13-11 as a factual challenge). Accordingly, the Court will consider evidence submitted by the parties beyond the pleadings in deciding the motion. *See Ricky Kamdem-Ouaffo trading as Kamdem Grp. v. Colgate Palmolive Co.*, No. 15-7902, 2016 WL 6398517, at *4 (D.N.J. Oct. 26, 2016) ("In considering a factual challenge to subject matter jurisdiction . . . the Court may consider evidence outside the pleadings (such as affidavits,

---

[1] Plaintiff notes in its opposition that Defendants no not specify whether their challenge is facial or factual. Opp. at 4. Nonetheless, Plaintiff asserts that this Court has jurisdiction "[r]egardless of the standard applied." *Id.*

4

depositions, testimony, and other information) to resolve the factual issues bearing on jurisdiction.").

## III. DISCUSSION

Defendants contend that Plaintiff is foreclosed from pursuing an action in this Court pursuant to both N.J.S.A. § 14A: 13-11 and N.J.S.A. § 14A: 13-20 because Plaintiff has failed to either procure a certificate of authority or file a notice of business activities report. Plaintiff does not appear to argue that it has either obtained such a certificate or filed such a report, but instead asserts that it is not subject to the relevant statutes. For reasons discussed herein, the Court agrees with Defendants that N.J.S.A. § 14A: 13-20 precludes this Court from exercising jurisdiction over the instant matter and dismisses the action. However, the Court will allow Plaintiff the opportunity to attempt to satisfy this statutory requirement and replead.

### A. N.J.S.A. § 14A: 13-11

Plaintiff is not subject to N.J.S.A. § 14A: 13-11 because it is not a foreign corporation that is "transacting business" in New Jersey for purposes of the statute.[2] By its terms, the statute only applies to foreign corporations that are "transacting business" in the state. N.J.S.A. § 14A: 13-11(1). "Transacting business," moreover, refers to activities of local or intrastate business, and not merely interstate business that touches New Jersey.[3] *Berlin, Sachs & Werkstell v. Cart-Wright*

---

[2] Plaintiff also asserts that the statute's jurisdictional bar only applies to state courts, and not federal courts. Opp. at 4-7. However, because the Court is sitting in diversity in jurisdiction—and thus enforcing state, not federal, rights—the statute may preclude this Court's jurisdiction. *See Am. Ests., Inc. v. Marietta Cellars Inc.*, No. 10-6763, 2011 WL 1560823, at *2 (D.N.J. Apr. 25, 2011) ("Because this Court sits in diversity jurisdiction, [defendant] is correct that [N.J.S.A. § 14A: 13-11] may close the doors of the Court to [plaintiff]."); *cf. Datasphere Inc. v. Comput. Horizons Corp.*, No. 5-2717, 2005 WL 8174965, at *2 (D.N.J. Dec. 7, 2005) (finding N.J.S.A. § 14A: 13-11 will not bar federal court jurisdiction "in a non-diversity case" where plaintiff seeks to enforce "rights granted by a federal statute").

[3] This is a constitutional necessity: in *Eli Lilly & Company v. Sav-On-Drugs, Incorporated*, the Supreme Court analyzed New Jersey's then-applicable certification requirement for foreign corporations and stated that under the Commerce Clause, the statute may not apply to corporations engaged solely in interstate trade. 366 U.S. 276, 278 (1961); *see also Bonnier Corp. v. Jersey Cape Yacht Sales, Inc.*, 5 A.3d 799, 801-02 (N.J. App. Div. 2010) ("The Court majority in *Eli Lilly* noted that, for purposes of the Commerce Clause analysis, it is critical whether the foreign corporation's presence in the State is confined to interstate business or whether the corporation also engaged in intrastate business.")

*Indus., Inc.*, No. 89-1781, 1990 WL 126197, at *2 (D.N.J. Aug. 27, 1990); *see also Field Smart Lighting Co., Ltd. v. Checkolite Intern., Inc.*, No. 13-6953, 2014 WL 2155372, at *3 (D.N.J. May 22, 2014) (noting N.J.S.A. § 14A: 13-11 "is applicable to foreign corporations conducting intrastate business in New Jersey, as opposed to solely interstate business which touches New Jersey"). To determine whether a corporation's business activities are sufficiently local to fall within the statute, courts are directed to examine the totality of the circumstances, *Berlin*, 1990 WL 126197, at *2, including whether the corporation has an office, employees, or a telephone listing within the state, and whether local salespeople have the authority to approve contracts, *see QBI Intern. v. Princeton Gamma Tech, Inc.*, No. 84-2445, 1988 WL 78161, at *1 (D.N.J. June 27, 1988). Plaintiff has provided a declaration that it does not have an office, employees, or telephone number in New Jersey, that all contact information for the corporation "routes through Taiwan," and that no shipments to Snow Joe were delivered to a New Jersey port. [4] *See* ECF No. 21-1 ¶¶ 7-8, 10. In the absence of countervailing considerations presented by Defendants, this information is sufficient to find that Plaintiff is not "transacting business" in New Jersey for the purposes of N.J.S.A. § 14A: 13-11, and thus is not subject to its certification requirement. *See Field Smart Lighting*, 2014 WL 2155372, at *3 (finding N.J.S.A. § 14A: 13-11 not applicable where corporation had "no offices or employees in New Jersey" and its products were "shipped to Mexico"); *QBI Intern.*, 1988 WL 78161, at *2 (finding N.J.S.A. § 14A: 13-11 not applicable where corporation had "no office or warehouse in New Jersey," "no telephone listing in th[e] state" and its products were "subject to acceptance and approval" outside of the state).

---

[4] Defendants do not appear to contest these facts, but state that they are "irrelevant to the instant analysis." Reply at 9. Defendants assert that the analysis should instead be controlled by N.J.S.A. § 14A: 13-15. *Id.* However, as described below, N.J.S.A. § 14A: 13-15 determines whether a foreign corporation must "file a notice of business activities report," not whether it must obtain a certificate of authority pursuant to N.J.S.A. § 14A: 13-11. Defendant's contention is thus misplaced.

6

### B.  N.J.S.A. § 14A: 13-20

Plaintiff is subject to N.J.S.A. § 14A: 13-20 because it falls within the statute's ambit and does not appear to have filed the requisite notice of business activities report. Whereas N.J.S.A. § 14A: 13-20 specifies the consequences of a failure to file a notice of business activities report, N.J.S.A. § 14A: 13-15 enumerates the several "[a]ctivities" that, if conducted by a foreign corporation, require that corporation to file such a report. As relevant here, those activities include "receiving payments from . . . businesses located in this State" in an aggregate of greater than $25,000. N.J.S.A. § 14A: 13-15(e). According to exhibits provided by Plaintiff along with its amended complaint, the company received at least one payment totaling $500,000 from New Jersey-based Snow Joe. *See* ECF No. 1-3, Ex. A at 7-10 (email from Yuan Mei employee discussing the "$500,000 that Snow Joe wire-transferred back in Jan 10, 2023"). Despite this activity, Plaintiff does not appear to have filed a notice of business activities report.[5] In the absence of such a filing, and pursuant to N.J.S.A. § 14A: 13-20, Plaintiff cannot maintain the present action. *See Horgan Bros., Inc. v. Monroe Prop., L.L.C.*, No. 7-3028, 2010 WL 2674166, at *4 (D.N.J. June 30, 2010) (dismissing case where plaintiff failed to file required notice of business activities reports).

However, following others in this district, the Court will dismiss the complaint without prejudice and allow Plaintiff the opportunity to replead after it has satisfied the requirements of N.J.S.A. § 14A: 13-20. *See Bernard Katz d/b/a Telesonic Packaging Corp. v. Apuzzo*, No. 19-16426, 2021 WL 12095085, at *5 (D.N.J. June 28, 2021) (noting that "legal authority within this district . . . indicates that a non-compliant foreign corporation can retroactively comply with [the

---

[5] Specifically, Plaintiff does not point the Court to any such filing in either its opposition papers or its attached declaration, nor does it provide a copy of such a filing in its exhibits. Instead, Plaintiff asserts that under New Jersey law it should be allowed to "cure any alleged filing deficiencies during the pendency of the litigation at issue." Opp. at 5.

7

notice of business activity filing requirement] to then gain access to New Jersey courts"); *Horgan Bros., Inc.*, 2010 WL 2674166, at *4 (dismissing without prejudice and allowing non-compliant foreign corporation to "satisfy its obligations" under N.J.S.A. § 14A: 13-20 and requirements before "return[ing] to the Court").

### IV.     CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is granted.

**Accordingly, IT IS** on this 6th day of March, 2025,

**ORDERED** that Defendants' motion to dismiss (ECF No. 14) Plaintiff's amended complaint (ECF No. 1-3) is **GRANTED** without prejudice;

**ORDERED** that to the extent Plaintiff is able to cure the deficiency identified in the Court's Order, it shall have thirty (30) days from the date of this Order to file a second amended complaint.

**SO ORDERED.**

                                                                    */s/ Claire C. Cecchi*
                                                                    **CLAIRE C. CECCHI, U.S.D.J.**