# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YUAN MEI CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>SNOW JOE, LLC; ALL SEASON POWER, LLC; JOSEPH COHEN; OPE MARKETPLACE, LLC; ABC CORP. 1-0; and WEATHER BRANDS LLC,<br><br>    Defendants. | Civil Case No.: 2:24-cv-07906 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO REFER CIVIL ACTION <u>TO THE UNITED STATES BANKRUPTCY COURT</u>**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..............................................................................1

BACKGROUND AND PROCEDURAL HISTORY ...............................................3

RELIEF REQUESTED............................................................................................5

ARGUMENT ...........................................................................................................5
    A.    The District Court has Authority to Refer Claims to the Bankruptcy Court where Subject Matter Jurisdiction Exists. ................5
    B.    Referral of the Complaint to the Bankruptcy Court is Proper in this Case ........................................................................................7
        i.    Bankruptcy Courts have broad jurisdiction over matters affecting the bankruptcy estate. ....................................................7
        ii.    The claims in the Complaint are subject to Bankruptcy Court jurisdiction, and referral would be proper. ........................8
        iii.    No Prejudice to Non-Debtors Defendants ...............................11
        iv.    Risk of Inconsistent Decisions..................................................12

CONCLUSION ......................................................................................................13

320457495v1

# TABLE OF AUTHORITIES

**Cases**

*Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*,
  372 F.3d 154 (3d Cir. 2004) .......................................................................................7
*Celotex Corp. v. Edwards*,
  514 U.S. 300 (1995).......................................................................................... 5, 8, 10
*In re Combustion Eng'g, Inc.*,
  391 F.3d 190 (3d Cir. 2004) .............................................................................. 5, 7, 8
*In re Congoleum Corp.*,
  2025 U.S. App. LEXIS 21492 (3d Cir. Aug. 22, 2025) .................................8
*In re Kara Homes, Inc.*,
  2009 WL 2223035 (D.N.J. July 22, 2009) ....................................................11
*Medallic Art Co., LLC v. Calvert (In re Northwest Terr. Mint, LLC)*,
  2017 U.S. Dist. LEXIS 20068 (W.D. Wash. Feb. 13, 2017) ........................9
*Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith
  Brown, P.C.*, 692 F.3d 283 (3d Cir. 2012) ....................................................10
*Pacor, Inc. v. Higgins*,
  743 F.3d 984 (3d Cir. 1984) .......................................................................6, 8
*Schechter v. Cytodyne Techs., LLC (In re Nutraquest, Inc.)*,
  2007 Bankr. LEXIS 5140, at *10 (Bankr. D.N.J. Nov. 2, 2007) .................10
*Vertiv, Inc. v. Wayne Burt PTE, Ltd.*,
  92 F.4th 169 (3d. Cir. 2024) ..........................................................................6

**Statutes**

28 U.S.C. § 157.................................................................................................9
28 U.S.C. § 157(b)(2)(A).................................................................................7
28 U.S.C. § 157(b)(2)(O).................................................................................7

Plaintiff Yuan Mei Corporation ("Yuan Mei" or the "Plaintiff"), through counsel, submits this Memorandum of Law in support of its Motion pursuant to 28 U.S.C. § 157 and Standing Order of Reference 12-1 for an order referring the above-captioned civil action and the claims in the Plaintiff's Amended Complaint [*see* ECF Doc. No. 65] (the "Amended Complaint") to the United States Bankruptcy Court for the District of New Jersey.

## PRELIMINARY STATEMENT

As detailed in the Amended Complaint, the claims at issue in this civil action arise from a longstanding relationship between the Plaintiff and entities created by Joseph Cohen (the "Debtor" or "Cohen"). Plaintiff and Cohen's manufacturing company, Snow Joe, LLC ("Snow Joe") were parties to a vendor agreement pursuant to which Yuan Mei provided various products, and Snow Joe was obligated to pay for such products. Snow Joe eventually avoided making payments to Yuan Mei despite continuing to place orders—and despite Yuan Mei's continued performance under the vendor agreement.

When Yuan Mei sought to collect on these amounts through court intervention, Cohen directed Snow Joe to consent to a secured party sale, and created a brand-new company, All Season Power, LLC ("ASP"), to continue Snow Joe's operations without the hinderance of its debts. Following the Article 9 Transaction (defined herein), ASP almost immediately transferred the acquired Snow Joe assets

1

to Weather Brands LLC ("Weather Brands") and continued Snow Joe's operations rebranded as OPE Marketplace, LLC ("OPE"), Truvolt Brands ("Truvolt") and ABC Corp. 1-10 ("ABC Corp." and together with ASP, Weather Brands and OPE, the "Non-Debtor Defendants").

The filing of the Bankruptcy Case (defined herein) is Cohen's latest attempt to defer and avoid the liability he incurred and simply does not want to pay while staying Yuan Mei's Amended Complaint. However, the claims asserted by the Plaintiff in the Amended Complaint all implicate assets of Cohen's bankruptcy estate and relate to the Bankruptcy Case, such that the Bankruptcy Court has jurisdiction to hear the issues—and this Court has acknowledged as much.

The referral of this action to the Bankruptcy Court is not only statutorily authorized, but also strongly supported by sound considerations of policy and judicial economy. The Bankruptcy Court is uniquely equipped to address matters that are intertwined with the administration of the bankruptcy estate, as is the case here. Centralizing all related claims before the Bankruptcy Court promotes judicial economy, reduces duplicative litigation, and ensures that the bankruptcy process proceeds in an orderly and efficient manner. The alternative—piecemeal litigation in multiple fora—would undermine the core objectives of the Bankruptcy Code, including the equitable and efficient distribution of estate assets and the protection of creditors' rights.

Moreover, the Bankruptcy Court possesses specialized expertise in evaluating claims involving successor liability, alter ego, and fraudulent conveyance, all of which are central to Plaintiff's Amended Complaint. The Bankruptcy Court's familiarity with the Debtor's financial affairs, the structure of the estate, and the interplay between the Debtor and the Non-Debtor Defendants will facilitate a more informed and expeditious resolution of these complex issues.

Accordingly, Yuan Mei respectfully requests this Court refer the above-captioned civil action and the claims pled in the Amended Complaint to the Bankruptcy Court.

## BACKGROUND AND PROCEDURAL HISTORY

For years, Yuan Mei has manufactured products for Snow Joe. Pursuant to the agreement between the parties, Snow Joe was obligated to pay invoices for such products net 90 Bill of Lading date for each purchase order. Despite a slow down in payments, Snow Joe continued to place orders for Yuan Mei products. Yuan Mei continued to perform under the agreement, but Snow Joe's unpaid balance eventually reached more than $8 million.

On September 1, 2023, Yuan Mei issued a demand letter for an outstanding balance of $8,337,678.72 and, after numerous repeated attempts to obtain payment for the goods delivered to Snow Joe, ultimately sought recovery in court by filing its initial complaint against the Defendants in the Superior Court of New Jersey,

Hudson County – Law Division. Cohen removed the initial complaint to this Court on July 19, 2024.

In early 2024, Cohen and various of his affiliates and insiders[1] created All Season—with the putative purpose of obtaining title to the assets of Snow Joe and continuing that entity's operations, while leaving behind the debts owing to Yuan Mei. In furtherance of these efforts, Cohen participated in the purchase of Snow Joe's assets in a secured party sale (the "Article 9 Transaction") through the newly created entity Weather Brands. Immediately following the Article 9 Transaction, Weather Brands transferred all rights, title and interest in Snow Joe's property to All Season. Cohen remains in a position of control of All Season and holds an interest in the entity.

On August 20, 2025, Cohen filed a voluntary petition for relief under chapter 11 (the "Bankruptcy Filing") of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"). As a result of the Bankruptcy Filing and the automatic stay imposed by the Bankruptcy Code, all claims against the Debtor are automatically stayed. On September 3, 2025, the Court issued its Order raising the question of how the Debtor's Bankruptcy Filing would impact the claims against the Non-

---

[1] As such term is defined in 11 U.S.C. § 101(31).

Debtor Defendants given "that the claims by and against the other parties in this civil case are inextricably intertwined with the claims involving Cohen." (*See* ECF Doc. No. 154) (the "Stay Order").

## RELIEF REQUESTED

Through the Motion, Plaintiff respectfully requests the Court issue an Order, pursuant to 28 U.S.C. § 157 and Standing Order of Reference 12-1, referring this civil action and the claims in the Amended Complaint to the Bankruptcy Court.

## ARGUMENT

### A. The District Court has Authority to Refer Claims to the Bankruptcy Court where Subject Matter Jurisdiction Exists.

Pursuant to 28 U.S.C. § 1334(b), district courts have "original but not exclusive jurisdiction of all civil proceedings arising under" the Bankruptcy Code, or "arising in or related to cases under" the Bankruptcy Code. 28 U.S.C. § 1334(b). Further, the district court "may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). The Third Circuit has explained that Section 157(a) "permits district courts to refer most matters to a bankruptcy court" to efficiently deal with all matters pertaining to a debtor's estate. *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 225 (3d Cir. 2004) (quoting *Celotex Corp. v. Edwards*, 514 U.S. 300 (1995)); *Pacor, Inc. v. Higgins*,

5

743 F.3d 984, 994 (3d Cir. 1984); *Vertiv, Inc. v. Wayne Burt PTE, Ltd.*, 92 F.4th 169, 179 (3d. Cir. 2024).

Accordingly, the District of New Jersey has entered Standing Order of Reference 12-1 (the "Standing Order").[2]  The Standing Order not only provides for the referral of cases arising under the Bankruptcy Code or arising in or relating to a case under the Bankruptcy Code to the District's bankruptcy judges, but also allows bankruptcy judges to hear non-core proceedings that are related to a case under the Bankruptcy Code, submit proposed findings of fact and conclusions of law to the District Court, and ultimately permit the District Court to enter final judgment. *See* Standing Order.

Where a District Court has determined that the bankruptcy court has subject matter jurisdiction, either of a core proceeding or a non-core proceeding, it is well within the court's power to refer such claims to the Bankruptcy Court for efficient administration of the debtor's bankruptcy estate.  Courts in this District often refer matters to the Bankruptcy Court where subject matter jurisdiction exists—either upon motion by party in interest, or on their own motion. *See, e.g.*, *Acevedo v. St. Andrews Estates 26 LLC*, Case No. 24-cv-8622 [ECF Doc. No. 31] (D.N.J. Aug. 26, 2024); *Chartwell Therapeutics Licensing, LLC v. Rising Pharma Holdings, Inc.*,

---

[2] The Standing Order is available on the Court's website at https://www.njd.uscourts.gov/sites/njd/files/StandingOrder12-1_0.pdf (last visited September 23, 2025).

Case No. 20-cv-17928 [ECF Doc. No. 233] (D.N.J. Nov. 30, 2020); *Retirement Plan of Wash. Savs. Bank in RSI Retirement Trust v. Morin, et al.*, Case No. 04-cv-550 [ECF Doc. No. 19] (D.N.J. Apr. 28, 2005).

**B. Referral of the Complaint to the Bankruptcy Court is Proper in this Case**

    i.    <u>Bankruptcy Courts have broad jurisdiction over matters affecting the bankruptcy estate.</u>

To refer a proceeding to the bankruptcy court, the sitting district court must first determine whether the bankruptcy court has jurisdiction to hear it. Bankruptcy courts have subject matter jurisdiction over those claims (1) arising in or (2) arising under the Bankruptcy Code, or (3) related to the bankruptcy case. *In re Combustion Eng'g, Inc.*, 391 F.3d at 225. Matters arising in or arising under the Bankruptcy Code are deemed core proceedings, while matters relating to the Bankruptcy Code are considered non-core. *Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 162 (3d Cir. 2004).

Generally speaking, core proceedings—those arising in or arising under the Bankruptcy Code—are those claims which are created by the Bankruptcy Code or can only exist in a bankruptcy context, such as recovering a preferential transfer or determining the dischargeability of a debt. *Id.* at 162-63. Congress provided a non-exhaustive list of core proceedings, which includes matters concerning the administration of the estate, and all other proceedings affecting the liquidation of the estate assets. 28 U.S.C. § 157(b)(2)(A), (O); *In re Congoleum Corp.*, Case No. 23-

7

1295, 2025 U.S. App. LEXIS 21492, at *11 (3d Cir. Aug. 22, 2025). Non-core, related-to proceedings are those matters that could conceivably have an effect on the administration of the bankruptcy estate. *Pacor, Inc.*, 743 F.2d at 994; *see Celotex Corp.*, 514 U.S. at 309-10 (matter was related to bankruptcy case where it would "have a direct and substantial adverse effect on [the debtor's] ability to undergo a successful reorganization"). Through the grant of related-to jurisdiction, "Congress intended to grant bankruptcy courts broad authority to deal expeditiously with all matters pertaining to the bankruptcy." *In re Combustion Eng'g, Inc.*, 391 F.3d at 226.

    ii.    <u>The claims in the Complaint are subject to Bankruptcy Court jurisdiction, and referral would be proper.</u>

Referral of the Amended Complaint to the Bankruptcy Court is appropriate in this instance. As aptly noted by the Court, the claims asserted in Plaintiff's Amended Complaint against each of the Non-Debtor Defendants are "inextricably intertwined" with those against the Debtor and constitute core matters. Cohen listed Snow Joe as an entity in which he holds a 50% interest. *See* Bankruptcy Case, ECF Doc. No. 1, Sched. A/B, Line 19. All Season is listed as the Debtor's employer, and Cohen admits that he is an officer thereof and holds an interest therein through a holding company. *See id.*, Sched. I, Line 1; *id.*, Sched. A/B, Line 19. Nearly all of Plaintiff's claims in the Amended Complaint are asserted in the first instance against Snow Joe, and the remainder are asserted against Cohen himself (including for

8

breach of his fiduciary duty owed Yuan Mei as a creditor of Snow Joe), and All Season.

In addition, part of the successor liability claim against All Season and Weather Brand looks at overlap in ownership between Snow Joe and these new companies. Thus successor liability and the distribution of the state do appear, as the Court observed, "inextricably intertwined."

Clearly, the determination of Plaintiff's claims will have an impact on the administration of the Debtor's estate, and all claims are either related to the Bankruptcy Case or are otherwise core matters. 28 U.S.C. § 157; *cf. Medallic Art Co., LLC v. Calvert (In re Northwest Terr. Mint, LLC)*, Case No. C16-01895-JCC, 2017 U.S. Dist. LEXIS 20068, at *7-8 (W.D. Wash. Feb. 13, 2017) (alter ego claim is core proceeding, as it determines estate assets, which goes to the administration of the estate).

The Bankruptcy Court may also exercise related-to jurisdiction over the Amended Complaint. Because Snow Joe is listed as property of the Debtor, the determination of each of the claims asserted in the Amended Complaint will—in some way—have an impact on the bankruptcy estate and the Debtor's rights in the estate property. The Amended Complaint asserts claims of successor liability and alter ego against both Cohen and the Non-Debtor Defendants. If Plaintiff prevails, any recovery would naturally impact the administration of the bankruptcy estate.

9

*See Schechter v. Cytodyne Techs., LLC (In re Nutraquest, Inc.)*, Case No. 03-44147, 2007 Bankr. LEXIS 5140, at *10 (Bankr. D.N.J. Nov. 2, 2007). The Bankruptcy Court, therefore, has jurisdiction over each of the claims asserted in the Amended Complaint, whether as core matters, related to matters, or both.

Even if certain claims are deemed non-core, referral remains appropriate. The Bankruptcy Court has related-to jurisdiction over any proceeding that could conceivably affect the administration of the estate. *See Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 294 (3d Cir. 2012) (citations omitted); *Celotex Corp.*, 514 U.S. at 309-10. The Bankruptcy Court may submit proposed findings of fact and conclusions of law to the District Court for entry of final judgment, ensuring that all parties' rights are protected.

There is far more than a conceivable affect here. For example, whether Cohen is the alter ego of Snow Joe, and whether Snow Joe owes the underlying breach of contract debt that triggers that alter ego liability, and whether Cohen breached fiduciary duty, all are wrapped up in Cohen's running up of massive debts for Snow Joe to Yuan Mei, breaking out the assets from Snow Joe to Weather Brands and All Season (so as to also create these companies' successor liability), and engaging in misuse of the corporate form that equally benefitted (and created alter ego and successor liability for) these companies as well as Cohen. Thus, evaluating the web

10

of interrelated facts and issues for the claims asserted by Yuan Mei in this action (for which referral is sought) will affect the administration of the estate, considering Yuan Mei's claims are amongst the largest claims against the estate.

To the extent there is any question as to whether the Amended Complaint asserts non-core proceedings, it is the Bankruptcy Court—not the District Court—who properly determines that jurisdiction. *Katz v. Karagjozi (In re Kara Homes, Inc.)*, Case No. 09-1775, 2009 U.S. Dist. LEXIS 63215, at *1 (D.N.J. July 22, 2009).

    iii.    <u>No Prejudice to Non-Debtors Defendants</u>

Referral does not prejudice the Non-Debtor Defendants. They will have a full and fair opportunity to litigate their defenses in the Bankruptcy Court, which is bound by the same procedural and substantive law as the District Court. Moreover, referral ensures that all parties' rights are adjudicated in a coordinated manner, consistent with the Bankruptcy Code and applicable law. In fact, referral will expedite resolution by consolidating all related matters before a single court with the requisite expertise. The Bankruptcy Court is already familiar with the Debtor's case and can promptly address the intertwined claims, avoiding the delays inherent in parallel proceedings.

In contrast, evidence and memories will fade and overlapping issues will proceed in piecemeal fashion if these intertwined issues and claims are developed in two separate forums, or worse, in some sort of sequenced manner where a stay

allows Cohen's tail to wag the proverbial dog with respect to claims against the Non-Debtor Defendants.

    iv.    <u>Risk of Inconsistent Decisions</u>

If this matter is not referred, there is a substantial risk of inconsistent judgments and conflicting orders between this Court and the Bankruptcy Court. The claims against the Non-Debtor Defendants are "inextricably intertwined" with those against the Debtor, as recognized in Magistrate Adams Order (ECF Doc. No. 154) asking for briefing on whether a stay is necessary. These details have already been discussed above, showing by way of example, that a determination in this Court regarding successor liability or alter ego could directly impact the assets and liabilities of the bankruptcy estate, address common issues of fact and law, and potentially conflicting with the Bankruptcy Court's findings or orders regarding the same entities and transactions – and vice versa.

Such inconsistency would not only prejudice the parties but also frustrate the administration of the bankruptcy case. The Bankruptcy Court – the only forum that with jurisdiction over Cohen's bankruptcy estate – is best positioned to harmonize the adjudication of all claims affecting the estate, thereby avoiding the risk of conflicting rulings and ensuring that all parties' rights are adjudicated in a single, coordinated forum.

12

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, (i) referring the above-captioned civil action and the Amended Complaint to the Bankruptcy Court, and (ii) affording such other relief as is deemed just and proper.

| | |
|---|---|
| Dated: September 25, 2025<br>New York, New York | **TROUTMAN PEPPER LOCKE LLP**<br><br>By: */s/ Joseph M. DeFazio*<br>Joseph M. DeFazio<br>Sophia N. Dauria<br>875 Third Avenue<br>New York, NY 10022<br>Telephone: (212) 704-6341<br>joseph.defazio@troutman.com<br><br>*Attorneys for Plaintiff Yuan Mei Corporation* |

13

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2025, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF electronic filing system, which will then send a notification of such filing to counsel of record.

**TROUTMAN PEPPER LOCKE LLP**

*/s/ Joseph M. DeFazio*
Joseph M. DeFazio
875 Third Avenue
New York, New York 10022
Telephone: (212) 704-6341
joseph.defazio@troutman.com

*Attorneys for Plaintiff Yuan Mei Corporation*