**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YUAN MEI CORPORATION., | No. 24-cv-7906 |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| SNOW JOE, LLC, *et al.*, | |
| Defendant. | |

**CECCHI, District Judge.**

Before the Court is plaintiff Yuan Mei Corporation's ("Yuan Mei") motion to refer this action to the United States Bankruptcy Court for the District of New Jersey. ECF No. 162; ECF No. 162-1 ("Moving Br."). Defendants All Season Power, LLC ("All Season") and OPE Marketplace LLC ("OPE" and, collectively with All Season, the "All Season Defendants") opposed the motion, ECF No. 168 ("Opp'n Br."), and Yuan Mei replied, ECF No. 170. The Court decides the motion without oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons stated below, the Court will grant Yuan Mei's motion.

## I.  BACKGROUND

On April 4, 2025, Yuan Mei, a Taiwanese product manufacturer, filed its second amended complaint. ECF No. 65 ("SAC") ¶ 1. In the second amended complaint, Yuan Mei alleges that it and Snow Joe, a New Jersey corporation that "owned and/or owns a series of brands that sells various products to consumers," began a business relationship in 2015. *Id.* ¶¶ 1–2, 7. In particular, Snow Joe alleges that Yuan Mei manufactured products for Snow Joe, which Snow Joe sold under its own brand name. *Id.* ¶ 7. According to Yuan Mei, this business relationship was governed by a master vendor agreement ("MVA"), which the parties updated several times and as recently as August 24, 2020. *Id.* ¶¶ 8–10. Under the MVA, Snow Joe would send Yuan Mei purchase orders

that Yuan Mei would fulfill.  *Id.* ¶ 11.  The two companies would agree on "[p]ayment terms" in each purchase order.  *Id.*

Yuan Mei alleges that Snow Joe failed to pay for $8,337,678.72 worth of goods it received. *Id.* ¶¶ 14–18.  According to Yuan Mei, in early 2024, Snow Joe was "within the zone of insolvency" and "transferred its assets in a sale conducted under Article 9 of the Uniform Commercial Code . . . without providing any notice to its unsecured creditors."  *Id.* ¶¶ 23, 25. Through that sale, All Seasons allegedly acquired "substantially all of" Snow Joe's assets and continued to conduct business under the Snow Joe brand.  *Id.* ¶¶ 26, 29.  Then, according to Yuan Mei, All Seasons transferred its Snow Joe assets to OPE, which is "a mere continuation of the business operations as it had been prior to the Article 9 Sale including but not limited to the appearance and design of the website, business operations, and products being sold."  *Id.* ¶¶ 33–34.  Snow Joe's founder and principal, Joseph Cohen, allegedly orchestrated these transfers in part to evade Snow Joe's liability to Yuan Mei.  *Id.* ¶¶ 3, 30 ("Upon information and belief, Mr. Cohen remained and/or remains employed and/or in control of operations at Snow Joe following the Article 9 Sale."), 34, 52 ("Joe Cohen attempted to reincarnate Snow Joe to avoid debt through an UCC Article 9 sale to corporate insiders that could not wash away liability.").

On August 21, 2025 (roughly four months after Yuan Mei filed its second amended complaint), counsel for the All Season Defendants and Mr. Cohen "advise[d] the Court that . . . Joseph Cohen has filed [for] bankruptcy."[1]  ECF No. 146.  On September 25, 2025, Yuan Mei filed the pending motion to refer this case to bankruptcy court.  ECF No. 162.

---

[1] At the time, several motions were pending before the Court.  *See* ECF Nos. 94, 98, 118, 136. Shortly thereafter, three more were filed, *see* ECF Nos. 152–53, 157, and the Parties filed briefs addressing whether the matter should be stayed due to Mr. Cohen's bankruptcy filing, *see* ECF Nos. 160–61, 163–64, 166.  On October 10, 2025, Magistrate Judge Stacey D. Adams administratively terminated without prejudice all motions except for Yuan Mei's referral motion.

2

## II.    DISCUSSION

The Court will grant Yuan Mei's referral motion.  To explain why, the Court will provide some relevant background on the relationship between district and bankruptcy courts, describe the referral framework in this District, and then analyze Yuan Mei's motion.

### A.    Bankruptcy Court Authority

Unlike this Court, "[b]ankruptcy courts fall outside of the constitutional authority of Article III and derive their authority from federal statutes." *In re Seven Fields Dev. Corp.*, 505 F.3d 237, 253 (3d Cir. 2007) (alteration in original) (citation omitted).  Federal law "'vest[s] limited authority in bankruptcy courts' through" 28 U.S.C. § 1334 and 28 U.S.C. § 157.  *Id.* (citation omitted).

Section 1334 "describes the jurisdictional boundaries of a district court over bankruptcy cases and proceedings but, by itself, does not vest any authority in the bankruptcy courts."  *Id.* Under § 1334(a), district courts have "original and exclusive jurisdiction of all cases under title 11," *i.e.*, the Bankruptcy Code.  28 U.S.C. § 1334(a).  And under § 1334(b), district courts also have "original but not exclusive jurisdiction of all civil proceedings arising under [the Bankruptcy Code], or arising in or related to cases under" the Bankruptcy Code."  *Id.* § 1334(b).

Section 157, on the other hand, "lists the bankruptcy cases and proceedings" that a district court may refer to a bankruptcy court.  *Seven Fields*, 505 F.3d at 253.  Under § 157(a), a district court can refer to the bankruptcy court (1) any case under the Bankruptcy Code, (2) any proceeding arising under the Bankruptcy Code, (3) any proceeding arising in a case under the Bankruptcy Code, and (4) any proceeding related to a case under the Bankruptcy Code.  28 U.S.C. § 157(a). "The first three categories fall under bankruptcy courts' 'core' jurisdiction, meaning [that]

---

*See* ECF No. 169.  Moreover, the Court reserved judgment on "whether th[e] case should be stayed in its entirety" but stayed discovery pending the resolution of the motion to refer the case to bankruptcy court.  *Id.*

3

bankruptcy courts can 'hear and determine' those proceedings without intervention from a district court." *In re Aquilino*, 135 F.4th 119, 130 (3d Cir. 2025) (citations omitted); *see also* 28 U.S.C. § 157(b).  In core matters, district courts review bankruptcy court decisions as an appellate court. *See In re Anes*, 195 F.3d 177, 180 (3d Cir. 1999) ("In core matters, the District Court reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law de novo.").  The fourth category, by contrast, falls under bankruptcy courts' non-core jurisdiction, meaning that—absent the consent of the parties—bankruptcy courts "may only 'submit proposed findings of fact and conclusions of law,' which the district courts review *de novo*." *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 671 (2015) (quoting 28 U.S.C. § 157(c)(1)).  Bankruptcy courts also cannot conduct jury trials in non-core proceedings (absent consent).  *Beard v. Braunstein*, 914 F.2d 434, 443, 443 n.14 (3rd Cir. 1990).

**B.      Referral in this District**

In this District, Standing Order of Reference 12-1 ("Standing Order 12-1") governs the referral of cases to bankruptcy court. *See* D.N.J. S.O. 12-1, https://www.njd.uscourts.gov/sites/njd/files/StandingOrder12-1_0.pdf.  Standing Order 12-1 provides that "[a]ny or all cases under [the Bankruptcy Code] and any or all proceedings arising under [the Bankruptcy Code], or arising in or relating to a case under [the Bankruptcy Code] shall be referred to the bankruptcy judges for the district."[2] *Id.* ¶ 1.  It further provides that a "district

---

[2] The Court need not determine whether Yuan Mei's claims are core or non-core proceedings, because "[i]t is the bankruptcy court's responsibility to determine whether each claim before it is core or non-core" in the first instance. *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 33 (2014); *see also In re Radnor Holdings Corp.*, 564 B.R. 467, 486 (D. Del. 2017) ("Whether a claim is core or non-core does not affect a bankruptcy court's jurisdiction to hear a case, only its authority to enter a final order."); *Lowenschuss v. Resorts Int'l, Inc.*, 194 B.R. 339, 350 (D.N.J. 1996) ("The mere presence of a non-core proceeding . . . does not mean that a district court may not refer the action."); *Dailey v. First Peoples Bank of N.J.*, 76 B.R. 963, 968 (D.N.J. 1987) ("The bankruptcy code supposes that determinations of what constitute core issues will be left to the bankruptcy court, which after all is better equipped and experienced to make such decisions.").

court may withdraw . . . any case or proceeding referred . . . for cause shown" and "shall, on timely motion of the parties, so withdraw a proceeding if it determines that the resolution of the proceeding requires consideration of both [the Bankruptcy Code] and other laws of the United States regulating the organization of activities affecting interstate commerce." *Id.* ¶ 2. Thus, Standing Order 12-1 "*requires* all bankruptcy matters be handled by the bankruptcy court" and then provides "two possible paths for withdrawal of the reference," one "mandatory and [one] permissive." *Farzan v. Chapter 13 Tr.*, No. 24-9116, 2025 WL 240915, at *2 (D.N.J. Jan. 17, 2025); *see also In re Potter*, No. 21-18464, 2023 WL 4558816, at *4 (D.N.J. July 17, 2023) ("[N]ot only was this Court *justified* in its referral of this matter to the Bankruptcy Court but *obligated* under Standing Order 12-1."), *aff'd*, No. 23-2480, 2024 WL 3177775 (3d Cir. June 26, 2024).

### C.     Yuan Mei's Referral Motion

The Court will grant Yuan Mei's motion. Yuan Mei's claims are at least related to Mr. Cohen's bankruptcy proceedings—and thus subject to Standing Order 12-1's referral provision— because their "outcome could alter [Mr. Cohen's] rights [and] liabilities" or "impact[] . . . the handling and administration of the bankrupt[cy] estate." *In re Gruver*, No. 23-1769, 2024 WL 4357225, at *1 (3d Cir. Oct. 1, 2024) (third alteration in original) (citation omitted). For example, most of the claims in the second amended complaint are against Mr. Cohen or Snow Joe and center on the alleged liability Mr. Cohen incurred (via Snow Joe) by failing to satisfy purchase order obligations. *See* SAC ¶¶ 54–57 (book account); *id.* ¶¶ 58–62 (unjust enrichment); *id.* ¶¶ 63–68 (breach of contract); *id.* ¶¶ 69–74 (breach of the covenant of good faith and fair dealing); *id.* ¶¶ 75–84 (breach of fiduciary duty); *id.* ¶¶ 97–104 (alter ego liability). Because they involve Mr. Cohen himself or entities that Yuan Mei alleges are alter egos of Mr. Cohen, these claims are at least related to Mr. Cohen's bankruptcy case. *See In re Maxus Energy Corp.*, 611 B.R. 532, 541 (D. Del. 2019); *Thomason Auto Grp., LLC v. China Am. Co-op. Auto., Inc.*, No. 08-3365, 2009

5

WL 512195, at *3 (D.N.J. Feb. 27, 2009). Moreover, Yuan Mei's remaining claim centers on other defendants' (Weather Brands and the All Season Defendants) successor liability. *See* SAC ¶¶ 85–104 (successor liability). This claim is similarly at least related to the bankruptcy estate, because it involves alleged transactions "orchestrated by [Mr.] Cohen deceitfully and under the shadow of darkness in order to evade creditor collections against Snow Joe without any level of disclosure." *Id.* ¶ 94; *see, e.g.*, *In re G-I Holdings, Inc.*, 295 B.R. 211, 217 (D.N.J. 2003).

The All Season Defendants do not dispute that Yuan Mei's claims are "related to" Mr. Cohen's bankruptcy proceedings. Opp'n Br. at 6–7. For instance, in their own words, "due to the intertwined nature of Yuan Mei's claims, the outcome of Yuan Mei's claims against the [All Seasons Defendants and Weather Brands LLC] could impact the handling and administration of Cohen's bankruptcy estate." *Id.* at 7; *see also* ECF No. 154 ("The Court is concerned that the claims by and against the other parties in this civil case are inextricably intertwined . . . ."); ECF No. 160 at 1 (letter from the All Seasons Defendants and Mr. Cohen arguing that allowing Yuan Mei's claims to continue "will also jeopardize [Mr. Cohen's] reorganization efforts"); ECF No. 163 at 1 (letter from Snow Joe arguing the same); ECF No. 164 (letter from defendant Weather Brands LLC "join[ing]" the arguments in ECF No. 160).

Instead, the All Season Defendants primarily fight the referral motion by arguing that referral would waste "judicial resources." Opp'n Br. at 7. For instance, based on their view that this action is a non-core proceeding, they argue that "the Bankruptcy Court would ultimately have to refer its findings and conclusions back to this Court for final judgment," which "would result in an unnecessary use of judicial resources." *Id.* at 7–8. They also argue that Yuan Mei's claims would have to be tried by a district court, because they are "grounded in state law." *Id.* at 8 (citing *Stern v. Marshall*, 564 U.S. 462, 469 (2011)). Moreover, they argue that "[r]eferral of this matter

6

to the Bankruptcy Court would require the Bankruptcy Court to familiarize itself with the details of this matter that this Court is already familiar with." *Id.* at 9.

Notwithstanding these arguments, they do not show that efficiency would be served by keeping this action in the district court. All Season Defendants first and second points assume that this action is a non-core proceeding. The Court notes that whether Yuan Mei's claims are core or non-core are for the bankruptcy court to decide. *Arkison*, 573 U.S. at 33. At this point, the Court simply finds that the claims are amenable to the bankruptcy court's jurisdiction. But "[e]ven if there is uncertainty regarding the bankruptcy court's ability to enter a final judgment . . . that does not deprive the bankruptcy court of the power to entertain all pre-trial proceedings, including summary judgment motions." *In re Anderson News, LLC*, No. 15-199, 2015 WL 4966236, at *2 (D. Del. Aug. 19, 2015) (citation omitted). Similarly, the "fact that this matter [could] ultimately end up [back] in district court for trial" does not undermine the value gained by having it proceed in the bankruptcy court until then. *In re Cath. Bishop of N. Alaska*, No. 08-90019, 2008 WL 8657847, at *3 (Bankr. D. Alaska Sept. 16, 2008); *see also In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007) ("[R]equiring that an action be immediately transferred to district court simply because of a jury trial right would run counter to our bankruptcy system."). And on All Season Defendants' third point, the Court notes that, as the court overseeing Mr. Cohen's reorganization efforts, the bankruptcy court is undoubtedly well positioned to preside over this action.

## III.   **CONCLUSION**

Accordingly, **IT IS** on this 27th day of March 2026;

**ORDERED** that Yuan Mei's motion (ECF No. 162) is **GRANTED**; and it is further

**ORDERED** that this matter is hereby **REFERRED** to the United States Bankruptcy Court for the District of New Jersey to be heard in conjunction with *In re Joseph S. Cohen*, No. 25-18758 (Bankr. D.N.J.); and it is finally

**ORDERED** that the Office of the Clerk of the Court shall close this matter.

**SO ORDERED**.

*/s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**

8